UNITED STATES COURT OF APPEALS NOS. 25-400 & 25-408
DISTRICT COURT NOS. 2:24-CR-00091-ODW
& 2:24-CR-00702-ODW

---

–

UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

ALEXANDER SMIRNOV,
Appellant-Defendant,

vs.

UNITED STATES OF AMERICA,
Appellee-Plaintiff.

---

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA

---

**JOINT STIPULATION FOR RELEASE PENDING APPEAL UNDER 18 U.S.C. § 3143(b)(1) AND FEDERAL RULE OF APPELLATE PROCEDURE 9(b)**

DATED this 8th day of April, 2025.

Respectfully Submitted:

CHESNOFF & SCHONFELD

/s/ David Z. Chesnoff
DAVID Z. CHESNOFF, ESQ.
Nevada Bar No. 2292
RICHARD A. SCHONFELD, ESQ.
Nevada Bar No. 6815
520 South Fourth Street
Las Vegas, Nevada 89101
Telephone: (702) 384-5563
dzchesnoff@cslawoffice.net
rschonfeld@cslawoffice.net
Attorneys for Appellant
ALEXANDER SMIRNOV

BILAL A. ESSAYLI
United States Attorney

/s/ David R. Friedman
Assistant United States Attorney
Chief, Criminal Appeals Section
312 North Spring Street, Suite 1000
Los Angeles, California 90012
Ph: (213) 894-7418
Attorneys for Appellee
UNITED STATES OF AMERICA

## JOINT STIPULATION FOR RELEASE PENDING APPEAL

ALEXANDER SMIRNOV, Appellant, and the UNITED STATES OF AMERICA, Appellee, do hereby stipulate that this Honorable Court enter an Order—based on said stipulation, 18 U.S.C. § 3143(b)(1), and Federal Rule of Appellate Procedure 9(b)[1]—commanding that Appellant be forthwith

---

[1] That statute provides:

> (b)(1) Except as provided in paragraph (2), the judicial officer shall order that a person who has been found guilty of an offense and sentenced to a term of imprisonment, and who has filed an appeal or a petition for a writ of certiorari, be detained, *unless* the judicial officer finds—
>
> (A) by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c) of this title; *and*
> (B) that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in—
> (i) reversal,
> (ii) an order for a new trial,
> (iii) a sentence that does not include a term of imprisonment, *or*
> (iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.
>
> If the judicial officer makes such findings, such judicial officer *shall* order the release of the person in accordance with section 3142(b) or (c) of this title, . . . .

18 U.S.C. § 3143(b)(1) (emphases added).

released from custody pending his appeal in this matter, as set forth below. The parties request that this Honorable Court afford expedited treatment to this joint stipulation. *See* 9th Cir. R. 27-12. Both parties agree that Appellant has been continuously incarcerated with a chronic eye disease for over one year, and that his release pending appeal under 18 U.S.C. § 3143(b)(1) will permit him to travel to California to obtain treatment for his eye condition, and respectfully submit that expedited consideration of this unopposed request is warranted under 9th Cir. R. 27-12.

**STIPULATED FACTS**

1. On December 12, 2024, in District Court Case Nos. 2:24-CR-00091-ODW and 2:24-CR-00702-ODW (C.D. Cal.), the parties entered into a binding plea agreement under Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure. DC Doc. Nos. 195 & 9.[2]

2. On January 8, 2025, the district court, pursuant to that plea agreement, sentenced Appellant—who has been in continuous custody since his rearrest in February 2022—to 72 months' imprisonment. DC Doc. Nos. 219 & 38.

3. On January 16, 2025, the district court entered the Amended Judgment. DC Doc. No. 223 & 42.

[2] District court docket citations are to Case No. 2:24-CR-00091-ODW and 2:24-CR-00702-ODW, respectively.

4. On January 21, 2025, Appellant timely filed a Notice of Appeal (DC Doc. No. 225 & 46), where this case was docketed as Nos. 25-400 & 25-408.

5. Appellant's Opening Brief is currently due April 15, 2025. CA Doc. 2.1 (Jan. 21, 2025).

6. The United States intends to review the government's theory of the case underlying Appellant's criminal conviction.

**APPLICATION OF 18 U.S.C. § 3143(b)(1) AND FEDERAL RULE OF APPELLATE PROCEDURE 9(b)**

7. The parties agree and stipulate that Appellant's release from custody pending appeal is warranted, for the reasons set forth below.

8. Clear and convincing evidence for Appellant's non-violent offenses of conviction (involving taxes and false statements) shows that Appellant is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c) of this title. *See* 18 U.S.C. § 3143(b)(1)(A); Fed. R. App. 9(b) (incorporating standard in 18 U.S.C. § 3143).

9. The parties agree that this Court should order Appellant's travel to be restricted to the State of Nevada, *except that* he shall, be permitted to travel to San Francisco, California, so his personal physician, Dr. George Tanaka may treat Appellant's ongoing eye conditions.

10. The pending appeal is not for the purpose of delay and raises a substantial question of law or fact, namely, whether the District Court complied with Rule 11(c)(1)(C) in this case. *See* 18 U.S.C. § 3143(b)(1)(B).

Respectfully Submitted:

CHESNOFF & SCHONFELD

/s/ David Z. Chesnoff
DAVID Z. CHESNOFF, ESQ.
RICHARD A. SCHONFELD, ESQ.
520 South Fourth Street
Las Vegas, Nevada 89101
Telephone: (702)384-5563
dzchesnoff@cslawoffice.net
rschonfeld@cslawoffice.net
Attorneys for Appellant
ALEXANDER SMIRNOV

BILAL A. ESSAYLI
United States Attorney

/s/ David R. Friedman
Assistant United States Attorney
Chief, Criminal Appeals Section
312 North Spring Street, Suite 1000
Los Angeles, California 90012
Ph: (213) 894-7418
Attorneys for Appellee
UNITED STATES OF AMERICA