UNITED STATES COURT OF APPEALS NOS. 25-400 & 25-408
DISTRICT COURT NOS. 2:24-CR-00091-ODW
& 2:24-CR-00702-ODW

_____

UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

ALEXANDER SMIRNOV,

Appellant-Defendant,

vs.

UNITED STATES OF AMERICA,

Appellee-Plaintiff.

_____

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA
_____

**APPELLANT'S OPENING BRIEF**

DAVID Z. CHESNOFF, ESQ.
Nevada Bar No. 2292
RICHARD A. SCHONFELD, ESQ.
Nevada Bar No. 6815
CHESNOFF & SCHONFELD
520 South Fourth Street
Las Vegas, Nevada 89101
Telephone: (702) 384-5563
dzchesnoff@cslawoffice.net
rschonfeld@cslawoffice.net
Attorneys for Appellant
ALEXANDER SMIRNOV

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................. iii

I.    JURISDICTION .............................................................................................1

II.   STATEMENT OF DETENTION STATUS ..................................................1

III.  STATEMENT OF THE ISSUE ....................................................................2

IV.  STATEMENT OF THE CASE .....................................................................2

V.   SUMMARY OF ARGUMENT .....................................................................8

VI.  ARGUMENT .................................................................................................8

      A. Standard of Review ................................................................................8

      B. The District Court Erred in Accepting a "Piecemeal" Version of the Plea Agreement Under Rule 11(c)(1)(C), One That Deprived Mr. Smirnov Of The Benefit Of His "Time Served" Bargain .....................8

VII.  CONCLUSION ............................................................................................13

STATEMENT OF RELATED CASES ................................................................14

CERTIFICATE OF COMPLIANCE ...................................................................15

CERTIFICATE OF SERVICE .............................................................................16

# TABLE OF AUTHORITIES

**CASES**

*Buckley v. Terhune*,
441 F.3d 688, 699 (9th Cir. 2006) ...................................................................... 11

*Hill v. United States*,
368 U.S. 424, 428 (1962) ..................................................................................... 11

*In re Morgan*,
506 F.3d 705, 709 (9th Cir. 2007) ......................................................................... 9

*Koon v. United States*,
518 U.S. 81, 100 (1996) .......................................................................................... 8

*Lockett v. Ericson*,
656 F.3d 892, 897 (9th Cir. 2011) ....................................................................... 12

*Santobello v. New York*,
404 U.S. 257, 262 (1971) ..................................................................................... 12

*United States v. Alcala-Sanchez*,
666 F.3d 571, 575 (9th Cir. 2012) ....................................................................... 12

*United States v. Am. Bag & Paper Corp.*,
609 F.2d 1066, 1068 (3d Cir. 1979) .................................................................... 10

*United States v. Autery*,
555 F.3d 864, 871 (9th Cir. 2009) ......................................................................... 8

*United States v. Brown*,
903 F.2d 540, 545 (8th Cir. 1990) ....................................................................... 11

*United States v. Brown*,
172 F.3d 59 (9th Cir. 1999) .................................................................................... 8

*United States v. Castro-Juarez*,
425 F.3d 430 (7th Cir. 2005) ................................................................................. 8

*United States v. Dizon*,
207 F. App'x 832, 833 (9th Cir. 2006) ................................................................12

*United States v. Gilchrist*,
130 F.3d 1131, 1136 (3d Cir. 1997) ....................................................................10

*United States v. Hoskins*,
910 F.2d 309, 311 (5th Cir. 1990) .......................................................................11

*United States v. Moure-Ortiz,*
184 F.3d 1, 3 (1st Cir. 1999).................................................................................10

*United States v. Mukai*,
26 F.3d 953, 956 (9th Cir. 1994) ........................................................................10

*United States v. White*,
354 F.3d 841, 844–45 (8th Cir. 2004) ................................................................11

*United States v. Willett*,
90 F.3d 404, 406 (9th Cir. 1996) ....................................................................8,10

## UNITED STATES CODE

18 U.S.C. § 1001 ......................................................................................................1

18 U.S.C. § 1519 ......................................................................................................1

18 U.S.C. § 3145(c ) .................................................................................................2

18 U.S.C. § 3231 ......................................................................................................1

18 U.S.C. § 3553(a)(l)-(7) .......................................................................................3

18 U.S.C. § 3585(b) .................................................................................................4

26 U.S.C. § 7201 ......................................................................................................1

28 U.S.C. § 1291 ......................................................................................................2

I. **<u>JURISDICTION</u>**

Appellant Alexander Smirnov appeals the district court's Amended Judgments, entered January 16, 2025.

The district court had jurisdiction under 18 U.S.C. § 3231 in Case No. 2:24-cr-00091-ODW, because Mr. Smirnov was indicted in the United States District Court for the Central District of California for one count of Making False Statements to a Government Agent, in violation of 18 U.S.C. § 1001, and one count of Falsification of Records in a Federal Investigation, in violation of 18 U.S.C. § 1519. *See* ER 181-217.

The district court also had jurisdiction under 18 U.S.C. § 3231 in Case No. 2:24-cr-00702-ODW, because Mr. Smirnov was indicted in the Central District of California for Evasion of Tax Assessment (count one, in violation of 26 U.S.C. § 7201) and False Tax Returns (counts two through ten, in violation of 26 U.S.C. § 7201). *See* ER 154-180.

On December 12, 2024, the parties entered into a binding plea agreement under Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure. DC Doc. Nos. 195 & 9.[1]

---

[1] *See* Excerpts of Record at ER 130-153. Unless otherwise indicated, all district court docket references shall cite to DC Doc. Nos. 2:24-cr-00091-ODW and 2:24-cr-00702, respectively.

1

On January 16, 2025, the district court entered the Amended Judgments. DC Doc. No. 223 & 42.[2]

On January 21, 2025, Mr. Smirnov timely filed a Notice of Appeal. DC Doc. No. 225 & 46.[3]

This Court has jurisdiction under 18 U.S.C. § 3145(c) and 28 U.S.C. § 1291.

## II.  STATEMENT OF DETENTION STATUS

The Appellant is currently housed at the Federal Correctional Institution at Terminal Island, and has a pending request in the District Court for bail pending appeal.

## III.  STATEMENT OF THE ISSUE

The district court erred in failing to order that the defendant receive the full benefit of the terms of his binding plea agreement under Rule 11(c)(1)(C), where: 1) that agreement specifically required that defendant would receive credit in both district court cases for the nearly 11 months he spent in pretrial detention; and 2) at the sentencing hearing, the district court repeatedly rejected defense counsel's requests to enforce the entire agreement.

## IV.  STATEMENT OF THE CASE

On December 12, 2024, after the government had filed the second indictment,

---

[2]  ER 003-008.

[3]  ER 218-221.

Mr. Smirnov, as noted, entered into a binding plea agreement under Rule 11(c)(1)(C). *See* ER 130-153. [4]

The plea agreement stated, among other things, that Mr. Smirnov would plead guilty to Count Two in 2:24-CR-00091-ODW, and to Counts One, Five and Eight in 2:24-CR-00702-ODW. *See* ER 131, ¶3(a). The agreement also stated that the parties agreed that, under the factors listed in 18 U.S.C. § 3553(a)(l)-(7) and the relevant sentencing guideline factors, "an appropriate disposition of this case is that the Court impose a sentence of . . . no less than 48 months and no greater than 72 months' imprisonment . . . ." ER 137, ¶19 (also imposing one year of supervised release, a $400 special assessment, and $675,502 in restitution); *see also* DC Doc. No. 213 at ¶121 (Probation Office's Presentence Investigation Report ("PSR") determines advisory guidelines imprisonment range of 37-46 months).

---

[4] Fed. R. Crim. P. 11(c)(1)(C) states:

> (c)(1) An attorney for the government and the defendant's attorney, or the defendant . . . may discuss and reach a plea agreement. The court must not participate in these discussions. If the defendant pleads guilty or *nolo contendere* to either a charged offense or a lesser or related offense, the plea agreement may specify that an attorney for the government will . . . . (C) agree that a specific sentence or sentencing range is the appropriate disposition of the case . . . . (such a recommendation or request *binds the court once the court accepts the plea agreement*).

*Id.* (emphasis added).

With specific regard to the issue on appeal, the plea agreement further stated:

> The parties also agree that the defendant is *entitled to credit in both Cr. Nos. 24-91 and 24-702 for the period of his pretrial detention since the day of his arrest* and that credits that the Bureau of Prisons [BOP] may allow under 18 U.S.C. § 3585(b) may be credited against this stipulated sentence, including credit under Sentencing Guideline § 5G1.3.

ER 137, ¶19.

Finally, paragraph 2 of the Plea Agreement expressly provides:

> Accordingly, defendant understands that, if the Court determines that it will not accept this agreement, including but not limited to the sentencing agreements in paragraph 19, absent a breach of this agreement by defendant prior to that determination and whether or not defendant elects to withdraw any guilty pleas entered pursuant to this agreement, this agreement will, with the exception of paragraph 26 below be rendered null and void and both defendant and the SCO-W will be relieved of their obligations under this agreement . . . .

ER 130-131, ¶2.

On December 16, 2024, United States District Judge Otis D. Wright, II accepted Mr. Smirnov's guilty pleas to the counts enumerated in the plea agreement. DC Doc. Nos. 200 & 19 (transcript of change of plea hearing).[5]

After the parties filed their sentencing memoranda (*see* DC Doc. Nos. 203, 205) and the Probation Office distributed the PSR, the district court, on January 8,

---

[5]    ER 076-129; *see also id*. at 66-67 (during change of plea, defense counsel states that "agreement notes that he gets credit for time served on both cases from the date of his arrest").

4

2025, held the sentencing hearing. *See* Doc. Nos. 219 & 38 (transcript of sentencing hearing).[6]

During the hearing, defense counsel argued for a low-end custodial sentence of 48 months; the government sought the high-end of 72 months. After Mr. Smirnov understandably declined to address Judge Wright personally,[7] the Court: 1) re-calculated an advisory imprisonment range of 46-57 months (based on offense level 23 and criminal history category 1), and 2) sentenced Mr. Smirnov to 72 months' imprisonment, which fell 15 months above the high-end of the guideline range and which represented the maximum permissible custodial sentence under the plea agreement. *See* ER 057-058.

Critically, defense counsel observed that the agreement—which had been accepted by the Court—required Mr. Smirnov to receive full credit for the time served, in *both* district court cases. But this accurate, plea-based observation sparked the following exchange:

---

[6]    ER 009-075.

[7]    Mr. Smirnov chose not to address the Court—for reasons that are clear from the record. *See*, *e.g.*, ER 031-054 (defense counsel states that Mr. Smirnov served the United States as an FBI informant for 12 years and that he acted out of patriotism; Judge Wright replies: "That's going to be a hard sell, okay?"), ER 055-56 (after Mr. Smirnov volunteers to read a written statement, Judge asks: "Did he write it?" When told that defense counsel, as is common practice, assisted in the drafting, Judge responds: "That's what I thought."), ER 056 (when Mr. Smirnov advises that he has changed his mind and will not address the Court, the Judge states: "I'm not surprised.").

5

> MR. CHESNOFF: [E]xcuse me, your Honor . . . . [W]ould you please state on the record that he gets credit for time served on both cases from February 14th, 2024 as was agreed in the agreement and as permitted so that—
>
> THE COURT: Let's save your—*no*. This will be determined by the Bureau of Prisons. *I do not get involved in that*. Okay.
>
> MR. CHESNOFF: But it's . . . part of the—
>
> THE COURT: I don't care about what kind of an understanding you have *with these gentlemen sitting over here* [indicating the prosecution team] . . . . Calculation or computation of credits is up to the Bureau of Prisons . . . . I'm not getting involved in that.
>
> MR. CHESNOFF: Your Honor, you accepted the conditional plea, and that's part of the conditional plea.
>
> THE COURT: I'm not saying I reject the plea. I'm saying I'm not getting involved in the computation of his credits.
>
> MR. CHESNOFF: *I'm not asking you to compute it. I'm asking you to state for the record, most respectfully, your Honor, that he gets concurrent time on both cases beginning on February 14th, 2024 as that is part of the binding plea agreement that the Court accepted.*
>
> THE COURT: Is it necessary for me to repeat myself? . . .
>
> MR. CHESNOFF: I would like to make a record . . . . The plea . . . requires the Court to order that. That's my record.

ER 068-070 (emphases added).

Notwithstanding the foregoing, the district court seemed to have no problem at all recommending to BOP that Mr. Smirnov be incarcerated at one particular BOP facility. *See* ER 071-072 (Mr. Chesnoff: "Will you . . . recommend that the Bureau of Prison place him at Terminal Island?" The Court: "Yes.").

6

But after making this geographic recommendation, the district court refused—again—to follow a conditional aspect of the plea agreement in the context of credit for time served:

> MR. CHESNOFF: Your Honor, on behalf of Mr. Smirnov and in pursuit of my responsibilities to render effective assistance of counsel under the Sixth Amendment, I would ask the Court to state on the record that which is stated in the binding plea agreement which the Court accepted, that the parties agree that the Defendant is entitled to credit in both [cases] . . . for the period of his pretrial detention since the day of his arrest . . . .
>
> THE COURT: [I] am not going to calculate anything, and I'm not going to certify that he has been in custody for any particular period of time beginning on any particular date. Now, that's the last time I'm going to—discuss that.
>
> MR. CHESNOFF: Will . . . at least say, your Honor, that he's entitled to credit on both cases?
>
> THE COURT: He is entitled to credits as earned . . . [a]s determined by the Bureau of Prisons.
>
> MR. CHESNOFF: On both cases, since the day he was arrested?
>
> THE COURT: On any case.

ER 073-074.

Having extracted this inadequate concession from the Court, Mr. Smirnov filed his notice of appeal.[8]

---

[8] This appeal does not raise legal or factual challenges waived by the terms of the plea agreement. *See* ER 138, ¶21 ("[B]y pleading guilty defendant is waiving and giving up any right to appeal defendant's convictions . . . . [T]his waiver includes, but is not limited to, arguments that the statutes to which defendant is

## V. SUMMARY OF ARGUMENT

The district court abused its discretion when—despite repeated reminders of the terms of the Rule 11(c)(1)(C) plea agreement—it refused to state on the record that Mr. Smirnov was entitled to receive full credit for the time he had spent in pretrial detention, where that plea agreement, which the court had unreservedly accepted, compelled such a statement.

## VI. ARGUMENT

### A. *Standard of Review*

This Court reviews the substantive reasonableness of a criminal sentence under an abuse of discretion standard. *See, e.g.*, *United States v. Autery*, 555 F.3d 864, 871 (9th Cir. 2009) (applying standard "whether [the sentence was] objected to or not") (adopting *United States v. Castro-Juarez*, 425 F.3d 430 (7th Cir. 2005)). "A district court by definition abuses its discretion when it makes an error of law." *United States v. Brown*, 172 F.3d 59 (9th Cir. 1999) (quoting *United States v. Willett*, 90 F.3d 404, 406 (9th Cir. 1996) and *Koon v. United States*, 518 U.S. 81, 100 (1996)).

///

---

pleading guilty are unconstitutional, and all claims that the statement of facts provided herein is insufficient to support defendant's pleas of guilty.").

### B. The District Court Erred in Accepting a "Piecemeal" Version of the Plea Agreement Under Rule 11(c)(1)(C), One That Deprived Mr. Smirnov Of The Benefit Of His "Time Served" Bargain

In accepting the parties plea agreement under Rule 11(c)(1)(C), the district court was bound to enforce *all* the bargained-for terms of that agreement. *See In re Morgan*, 506 F.3d 705, 709 (9th Cir. 2007) ("[W]hile the court is free to accept or reject a plea agreement, *it may not do so on a piecemeal basis*, and a Rule 11(c)(1)(C) stipulated sentence 'binds the court once the court accepts the plea agreement' [citing Rule 11(c)(1)(C)]. . . . If the court accepts a plea agreement containing a Rule 11(c)(1)(C) stipulation, it must notify the defendant that 'the agreed disposition will be included in the judgment." Fed. R. Crim. P. 11(c)(4). Conversely, if the court rejects such a plea agreement, it must . . . (2) . . . give the defendant an opportunity to withdraw the guilty plea . . . ." Fed. R. Crim. P. 11(c)(5).") (emphasis added); see also Fed. R. Crim. P. 11(c)(3)(A) ("To the extent the plea agreement is of the type specified in Rule 11(c)(1)[C] . . . , the court may [1] accept the agreement, [2] reject it, or [3] defer a decision . . . .").

As noted by this Court in *Morgan*, once a district court accepts a plea agreement under Rule 11(c)(1)(C), it is bound to enforce *all* the terms of that agreement. Thus, quoting prior precedent, the Third Circuit has explained:

> "When . . . the court does not intend to reject the terms of a plea bargain but, nevertheless, imposes a sentence *allegedly inconsistent with the terms of that plea bargain*, it appears consistent . . . to allow the district court, in the first instance, the opportunity to correct its

9

own error. Thus, the district court, upon appropriate motion, may choose to conform the sentence to the terms of the plea bargain or allow withdrawal of the plea."

In spite of the fact that the plea agreement in the instant case was executed pursuant to 11(e)(1)(C) [*i.e.*, the predecessor to 11(c)(1)(C)] . . . , for the reasons stated above, we still find the reasoning in *American Bag* applicable . . . .

Upon consideration of the record, we will vacate the judgment and sentence of the district court. The matter shall be remanded to the district court to determine whether the appropriate remedy is to [1] require specific performance of the agreement or [2] *permit the appellant to withdraw his plea*. Unless the court can, and is disposed to, impose the sentence *agreed to by the parties* in accordance with applicable statutes and guidelines, *appellant should be afforded the opportunity to withdraw his plea and plead anew*.

*United States v. Gilchrist*, 130 F.3d 1131, 1136 (3d Cir. 1997) (emphases added) (quoting *United States v. Am. Bag & Paper Corp.*, 609 F.2d 1066, 1068 (3d Cir. 1979)); *see also United States v. Moure-Ortiz,* 184 F.3d 1, 3 (1st Cir. 1999) (citing *Gilchrist* and *United States v. Mukai*, 26 F.3d 953, 956 (9th Cir. 1994): "If the Court did not find the terms [of the binding agreement] appropriate, its *only* option was to reject the agreement in its entirety.") (emphasis added).

The district court's refusal to adhere to the present plea agreement—which contained a binding stipulation that Mr. Smirnov receive at least the benefit of the court's statement that BOP afford him time served credit in both cases—thus 1) constitutes an "error of law" and, therefore, an "abuse of discretion," *see, e.g., Willett*, 90 F.3d at 406; and 2) requires that this Court vacate the Amended Judgments and

10

remand to the district court, with instructions that Mr. Smirnov be permitted to withdraw his guilty pleas. *See* Fed. R. Crim. P. 11(c)(5) ("If the court rejects a plea agreement containing provisions of the type specified in Rule 11(c)(1)[C]. . . , the court must . . . (B) advise the defendant personally that the court is not required to follow the plea agreement and give the defendant an opportunity to withdraw the plea"); *cf. United States v. Hoskins*, 910 F.2d 309, 311 (5th Cir. 1990) ("A defendant seeking to withdraw a plea of guilty at the post-sentencing stage is obligated to show 'a fundamental defect which inherently results in a complete miscarriage of justice' or 'an omission inconsistent with the rudimentary demands of fair procedure.'") (quoting *Hill v. United States*, 368 U.S. 424, 428 (1962)); *United States v. White*, 354 F.3d 841, 844–45 (8th Cir. 2004) (noting, in the context of district court's failure to recognize its authority to confer a guidelines departure, that "the proper remedy is to remand the matter for resentencing . . . .") (citing *United States v. Brown*, 903 F.2d 540, 545 (8th Cir. 1990)).

Finally, as the only means to effectively remedy the district court's error, this Court—in 1) applying the unambiguous, "contractual" terms of the plea agreement, 2) vacating the judgment, and 3) remanding this case to the district court—should instruct the district court on remand that Mr. Smirnov must be permitted to withdraw his guilty pleas. *See, e.g.*, *Buckley v. Terhune*, 441 F.3d 688, 699 (9th Cir.2006) (en banc) (withdrawal proper remedy for government's breach of plea agreement) (cited

11

in *United States v. Dizon*, 207 F. App'x 832, 833 (9th Cir. 2006) (unpublished); *compare also, e.g., Lockett v. Ericson*, 656 F.3d 892, 897 (9th Cir. 2011) ("[P]lea agreements are contractual in nature, and . . . if the terms are clear and unambiguous, we will not look further.") (internal quotation omitted; Court adds that, adding that, "even if the terms of Lockett's [plea agreement] were ambiguous, we would construe that ambiguity *against the government* ") (emphasis added)), *with* ER 130-131, ¶2 (as in *Lockett*, the "terms" of Mr. Smirnov's plea agreement are "clear and unambiguous" in 1) permitting withdrawal of guilty pleas if district court does not enforce the entire agreement, particularly the critical provisions in paragraph 19, and 2) rendering the entire plea agreement null and void in such an event).[9]

/ / /

---

[9] When Mr. Smirnov's attorney brought the district court's error to the attention of Special Prosecutor Wise (who was, in early January 2025, still counsel of record for the government), Mr. Wise refused to confirm Judge Wright's error in open court. Such silence destroyed the "united front" required for good-faith plea negotiations and constitutes and additional, separate breach of the government's duty to fulfill its promises. *See, e.g.*, *United States v. Alcala-Sanchez*, 666 F.3d 571, 575 (9th Cir. 2012) ("'[W]hen a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled.' *Santobello v. New York*, 404 U.S. 257, 262 (1971). A plea agreement is a contract, and the government is held to its literal terms . . . . because it ensures that a defendant gets the benefit of his or her bargain—the presentation of a united front to the court.") (additional internal quotations and citations omitted).

## VII. **CONCLUSION**

For the foregoing reasons, Mr. Smirnov respectfully requests that this Court vacate the Amended Judgment and remand this case to the district court, with instructions that he be permitted to withdraw his guilty pleas.

DATED this 25th day of April, 2025.

Respectfully Submitted:

CHESNOFF & SCHONFELD

 /s/ David Z. Chesnoff
DAVID Z. CHESNOFF, ESQ.
Nevada Bar No. 2292
RICHARD A. SCHONFELD, ESQ.
Nevada Bar No. 6815
520 South Fourth Street
Las Vegas, Nevada 89101
Telephone: (702)384-5563
dzchesnoff@cslawoffice.net
rschonfeld@cslawoffice.net
Attorneys for Appellant
ALEXANDER SMIRNOV

## **STATEMENT OF RELATED CASES**

Mr. Smirnov has previously filed two FRAP 9(a) Appeals, which were docketed as Ninth Circuit Case Nos. 24-1133 and 24-4040.

Additionally, Appellant previously filed an Emergency Petition for Writ of Mandamus under Circuit Rule 27-3, with this Honorable Court. *See* Ninth Circuit Case No. 24-970.

Appellant is not aware of any other related case pending in this Court.

## CERTIFICATE OF COMPLIANCE

Pursuant to Federal Rule of Appellate Procedure 32(a)(7)(C), I hereby certify that: the foregoing brief uses 14-point Times New Roman proportionately spaced type; text is double spaced and footnotes are single spaced; a word count of the word processing system used to prepare the brief indicates that the brief (not including the table of contents, the table of authorities, the statement of related cases, the certificate of compliance, or the certificate of service) contains approximately 2641 words.

Dated this 25th day of April, 2025.

/s/ David Z. Chesnoff
DAVID C. CHESNOFF, ESQ.

# CERTIFICATE OF SERVICE

I hereby certify that on this 25th day of April, 2025, I caused the forgoing document to be filed electronically with the Clerk of the Court through the CM/ECF system for filing; and served on counsel of record via the Court's CM/ECF system including:

BILAL A. ESSAYLI
United States Attorney
David R. Friedman
Assistant United States Attorney
312 North Spring Street, Suite 1000
Los Angeles, California 90012

                                        /s/ Camie Linnell
                                        Employee of Chesnoff & Schonfeld