# IN THE

# UNITED STATES COURT OF APPEALS

# FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff-Appellee,<br><br>v.<br><br>ALEXANDER SMIRNOV,<br><br>Defendant-Appellant. | C.A. Nos. 25-400, 25-408<br>D.C. Nos. 24-CR-91-ODW<br>24-CR-702-ODW<br>(Central Dist. Cal.)<br><br>**MOTION TO VACATE THE AMENDED JUDGMENT AND REMAND** |

The government hereby moves to vacate the amended judgment and remand with instructions to allow defendant Alexander Smirnov to withdraw his guilty pleas. In his Rule 11(c)(1)(C) plea agreement, the parties agreed that defendant was "entitled to credit" for a "period of his pretrial detention." (ER-136-37.) The district court, however, declined to recommend or otherwise order that defendant receive these credits, despite claiming to accept the agreement. (ER-68-70, 73-74.) That was error because a district court may not accept or reject a binding plea agreement "on a piecemeal basis." *In re Morgan*, 506 F.3d 705, 709 (9th Cir. 2007). And under the terms of the plea agreement, the remedy is

for defendant to be given an opportunity to withdraw his guilty pleas. (ER-130-31.) Defendant does not oppose this motion.

In December 2024, defendant entered into a Rule 11(c)(1)(C) plea agreement with the Office of Special Counsel David C. Weiss. (ER-130-53.) As part of that agreement, defendant agreed to plead guilty to one count of creation of a false and fictious record in a federal investigation (Case No. 24-CR-91-ODW) and three counts of tax evasion (Case No. 24-CR-702-ODW). (ER-131.) The parties stipulated to the following "agreed-upon sentence" in paragraph 19 of the plea agreement:

> [N]o less than 48 months and no greater than 72 months' imprisonment; 1 year supervised release with conditions to be fixed by the Court; $400 special assessment; $675,502 restitution and no fine. The parties also agree that the defendant is entitled to credit in both Cr. Nos. 24-91 and 24-702 for the period of his pretrial detention since the day of his arrest and that credits that the Bureau of Prisons may allow under 18 U.S.C. § 3585(b)) may be credited against this stipulated sentence, including credit under Sentencing Guideline § 5G1.3.

(ER-137 (emphasis omitted).) The parties further agreed that, "if the Court determines that it will not accept this agreement, including but not limited to the sentencing agreements in paragraph 19 . . . this agreement will . . . be rendered null and void." (ER-130-31.)

2

Defendant entered his guilty pleas a few days later. (ER-76-129.) At the change of plea hearing, defense counsel highlighted that "[t]he agreement notes that he gets credit for time served on both cases from the date of his arrest, your Honor. And we believe that the Bureau of Prisons would acknowledge and honor that." (ER-107.) The court responded, "Absolutely. . . . They are going to take care of that." (ER-107-08.)

On January 8, 2025, the district court held defendant's sentencing hearing. (ER-9-75.) The court stated several times that it had "agreed to accept" the parties' Rule 11(c)(1)(C) agreement. (ER-29; *see also* ER-69.) After listening to the parties' arguments on the proper sentence (ER-11-56), the court calculated an advisory guideline range of 46 to 57 months in prison (ER-57). The court then imposed an above-guideline sentence of 72 months in prison. (ER-58.)

At the end of the hearing, defense counsel asked the district court to "state on the record that he gets credit for time served on both cases from February 14th, 2024 as was agreed in the agreement." (ER-68.) The court, however, refused to "get involved in that" because the custody credits would be "determined by the Bureau of Prisons." (ER-

3

69.) When defense counsel objected that the credits were part of the binding plea agreement, the court responded: "I don't care about what kind of an understanding you have with these gentlemen sitting over here." (*Id.*) A few minutes later, defense counsel tried to raise the issue again—and quoted the plea agreement—but the court reiterated that it would be "determined by the Bureau of Prisons." (ER-73-74.)

On appeal, defendant now argues that the district court failed to comply with Rule 11(c)(1)(C). He asks this Court to vacate the amended judgment, with instructions that he be permitted to withdraw his guilty pleas. The government agrees with defendant that Rule 11(c)(1)(C) was violated and hereby joins his request to vacate and remand.

Under Rule 11(c)(1)(C), the parties may "agree that a specific sentence or sentencing range is the appropriate disposition of the case." When the parties reach this type of agreement, "the court may accept the agreement, reject it, or defer" its decision pending review of the Presentence Report. Fed. R. Crim. P. 11(c)(3)(A). "But while the court is free to accept or reject a plea agreement, it may not do so on a piecemeal basis." *In re Morgan*, 506 F.3d at 709; a*ccord United States v. Randock*, 330 F. App'x 628, 630 (9th Cir. 2009). Once the court

4

accepts a Rule 11(c)(1)(C) plea agreement, the agreed-upon sentence "binds the court." Fed. R. Crim. P. 11(c)(1)(C). The "agreed disposition" must also "be included in the judgment." Fed. R. Crim. P. 11(c)(4).

Given the unique facts of this case (most notably, the unusual sentence at the end of paragraph 19 of the plea agreement), the district court did not comply with Rule 11(c)(1)(C). The parties agreed that the appropriate sentence in this case included the following term: "defendant is entitled to credit in both Cr. Nos. 24-91 and 24-702 for the period of his pretrial detention since the day of his arrest and that credits that the Bureau of Prisons may allow under 18 U.S.C. § 3585(b)) may be credited against this stipulated sentence, including credit under Sentencing Guideline § 5G1.3." (ER-137.) The district court accepted this agreement, and advised defendant that he would "[a]bsolutely" receive the stipulated custody credits. (ER-107.) But at sentencing, the district court declined to "get involved in" the calculation of custody credits, even though it acknowledged that defendant had "an understanding" with the government. (ER-69.) And it did not include any mention of custody credits "in the judgment," despite the clear language of Rule 11(c)(4).

That was error. While the district court was correct that the Bureau of Prisons is generally responsible for calculating custody credits (*see* ER-69), the parties agreed that defendant should receive certain credits as part of their Rule 11(c)(1)(C) agreement. The parties further agreed that defendant was entitled to "credit under Sentencing Guideline § 5G1.3." (ER-137.) That Guideline provides that "the court shall adjust the sentence for any period of imprisonment already served on the undischarged term of imprisonment if the court determines that such period of imprisonment will not be credited to the federal sentence by the Bureau of Prisons." U.S.S.G. § 5G1.3(b)(1). Therefore, the plea agreement seems to have contemplated that the district court would use § 5G1.3(b)(1) to adjust—and reduce—defendant's 72-month sentence by the roughly 11 months that he spent in pretrial detention. *See United States v. Cervantes-Valencia*, 322 F.3d 1060, 1061-63 (9th Cir. 2003) (per curiam) (holding that the district court violated Rule 11(c)(1)(C) by applying credits under § 5G1.3 in a manner that was contrary to the agreement).

At a minimum, the plea agreement is ambiguous on this point. "Because [the Court] construe[s] plea agreements according to the

6

principles of contract law, any ambiguities in the contract language are construed against the drafter, which in this case is the government." *United States v. Lo*, 839 F.3d 777, 785 (9th Cir. 2016). The defense asked to include this term of the plea agreement in the "agreed-upon sentence" to confer a benefit (ER-136), not merely to confirm the BOP's authority. *See United States v. Rivera-Velasquez*, 291 F. App'x 89, 90 (9th Cir. 2008) (declining to interpret plea agreement in a manner that would render certain terms superfluous). The district court could have effectuated that term of the plea agreement by reducing defendant's sentence under § 5G1.3. Or it likely could have effectuated this term by recommending that defendant receive the relevant credits. *Cf. Taylor v. Reno*, 164 F.3d 440, 446 (9th Cir. 1998). In the alternative, the district court could have informed defendant that it did not think this term was enforceable and it would not accept the agreement. *See* Fed. R. Crim. P. 11(c)(5) (process for "Rejecting a Plea Agreement").

The district court, however, did not have the discretion to advise defendant that it was accepting the plea agreement (ER-29), but then decline to impose part of the agreed-upon sentence (ER-69). That "piecemeal" rejection of the agreement deprived defendant of "the

benefit of [his] bargain." *Randock*, 330 F. App'x at 630. And it violated the plain language of Rule 11.

Moreover, it appears that the district court committed other errors during sentencing which counsel in favor of an order vacating the judgment and remanding the case. The court, for instance, interfered with defendant's right of allocution under Federal Rule of Criminal Procedure 32(i)(4). Specifically, the court declined defendant's request to conduct a confidential allocution; told him that what he planned to say would be "a hard sell" and might "mislead the Court"; and then criticized his counsel for helping defendant prepare a letter that he planned to read. (ER-53-56.) As a result, even though defendant initially attempted to allocute, he ultimately gave up (*i.e.*, "changed his mind") and declined to allocute (ER-56) because he was apparently "deterred from speaking freely." *United States v. Sarno*, 73 F.3d 1470, 1503 (9th Cir. 1995) (vacating sentence because "[o]ur review of the record suggests that the timidity thereby instilled in Mr. Nash significantly hindered his later efforts at allocution").

At the urging of the Special Counsel, the district court also erred in applying a two-level enhancement for abuse of a position of trust

8

under U.S.S.G. § 3B1.3. (*See* ER-57, 66.) This Court has "made clear that the presence or lack of professional or managerial discretion represents the decisive factor in deciding whether a defendant occupied a position of trust." *United States v. Laurienti*, 731 F.3d 967, 973 (9th Cir. 2013) (quotation marks omitted). There is no evidence, however, that defendant possessed any "managerial" authority as a confidential informant. Nor did the court address if defendant had professional "discretion" to act independently of his handler. (*See* Government's Sentencing Position, Case No. 24-CR-91-ODW, Dkt. 205 at 34 (skipping over this part of the test).) Ultimately, it was not enough that defendant might have had "the freedom to act without detection or [was] difficult to observe." *United States v. Contreras*, 581 F.3d 1163, 1166 (9th Cir. 2009) (quotation marks omitted), *adopted in relevant part by* 593 F.3d 1135 (9th Cir. 2010) (en banc). Moreover, there is no basis in the record for finding, as § 3B1.3 requires, that defendant's status as a confidential informant "significantly facilitated the commission or concealment of the offense." *See* U.S.S.G. § 3B1.3. And without the enhancement, the advisory guideline range would have been 36 to 47 months in prison. (*See* ER-22.)

In any event, the district court's Rule 11(c)(1)(C) error alone warrants reversal. The remedy for this violation is that the Court must put the "parties back to square one" before defendant pled guilty. *Cervantes-Valencia*, 322 F.3d at 1061. When a district court fails to comply with Rule 11(c)(1)(C), this Court typically vacates and remands "to permit the district court to re-sentence [the defendant] in conformity with his plea agreement, or to reject the plea agreement and place the parties in the posture that they were in before the plea was taken." *Id.* at 1064. But plea agreements are contracts and—when Rule 11(c)(1)(C) is violated—the district court is "bound by the contract that the United States had entered." *United States v. Norgaard*, 959 F.2d 136, 138 (9th Cir. 1992) (interpreting older version of rule). In other words, this Court must enforce the specific terms of the parties' agreement, including any remedial provisions. *See United States v. Mandell*, 905 F.2d 970, 973 (6th Cir. 1990) (allowing defendant to withdraw plea based on court's failure to follow terms of plea agreement because "the agreement itself provides the remedy of withdrawal").

In this case, the parties agreed that, "[i]f the Court determines that it will not accept this agreement," "this agreement will . . . be

rendered null and void and both defendant and the [Special Counsel] will be relieved of their obligations." (ER-130-31.) As explained above, the district court did not actually "accept" the parties' binding plea agreement. The plea agreement is thus "null and void," and defendant must be given an opportunity to withdraw his guilty pleas that were made pursuant to the agreement. (ER-131.) Accordingly, this Court should vacate the amended judgment and remand with instructions to allow defendant to withdraw his guilty pleas.

| | |
|---|---|
| DATED: May 8, 2025 | Respectfully submitted, |
| | BILAL A. ESSAYLI<br>United States Attorney |
| | /s/ *Robert J. Keenan* |
| | ROBERT J. KEENAN<br>Assistant United States Attorney |
| | Attorneys for Plaintiff-Appellee<br>UNITED STATES OF AMERICA |