**NOT FOR PUBLICATION**

FILED

SEP 22 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ALEXANDER SMIRNOV,

Defendant - Appellant.

No. 25-400

D.C. No.
2:24-cr-00091-ODW-1

MEMORANDUM*

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ALEXANDER SMIRNOV,

Defendant - Appellant.

No. 25-408

D.C. No.
2:24-cr-00702-ODW-1

Appeal from the United States District Court
for the Central District of California
Otis D. Wright, II, District Judge, Presiding

Submitted September 17, 2026**
Pasadena, California

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before: NGUYEN, R. NELSON, and DESAI, Circuit Judges.

Alexander Smirnov appeals from the district court's criminal judgments following his guilty pleas pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C). We have jurisdiction under 28 U.S.C. § 1291. Reviewing de novo whether the district court erred in interpreting the plea agreement's terms, and reviewing for clear error "whether the facts demonstrate that there was a breach of [the] plea agreement," *United States v. Salemo*, 81 F.3d 1453, 1460 (9th Cir. 1996), we dismiss in part and affirm in part.

1. Because computation of custody credit "must occur after the defendant begins his sentence," 18 U.S.C. § 3585(b) "does not authorize a district court to compute the credit at sentencing" and instead places responsibility solely on the Bureau of Prisons. *United States v. Wilson*, 503 U.S. 329, 333–35 (1992). To the extent the parties argue that the district court breached the plea agreement by refusing to make a nonbinding recommendation that Smirnov receive custody credit for the time he spent in pretrial detention, "a recommendation to the Bureau of Prisons is not part of a sentence and cannot be appealed." *United States v. Ceballos*, 671 F.3d 852, 855 (9th Cir. 2011) (per curiam). Therefore, we lack jurisdiction over Smirnov's custody credit claim and dismiss that portion of the appeal.

2. To the extent the parties argue that the district court breached the plea agreement by failing to "adjust the sentence" under U.S. Sentencing Guidelines ("U.S.S.G.") section 5G1.3(b)(1), we disagree. Section 5G1.3(b) "address[es] the 'unfairness' that would result from receiving a second sentence for activities which were considered as relevant conduct in a prior proceeding." *United States v. Kimble*, 107 F.3d 712, 714–15 (9th Cir. 1997) (quoting *Witte v. United States*, 515 U.S. 389, 404 (1995)). At the time of sentencing, Smirnov had no criminal history and thus had not "already served" a period of imprisonment on an "undischarged term of imprisonment." U.S.S.G. § 5G1.3(b)(1). Because there was no basis for a sentencing adjustment, and because the plea agreement does not require one, we affirm the district court's non-application of section 5G1.3.

**DISMISSED in part and AFFIRMED in part.**